

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00680-CV

**IN THE INTEREST OF A.J.M.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02783
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed:  March 28, 2018

AFFIRMED

Appellant-father, A.M., appeals the trial court's order terminating his parental rights to the child A.J.M.[1]  A.M. challenges the legal and factual sufficiency of the trial court's findings supporting termination of his parental rights.  We affirm the trial court's order.

### BACKGROUND

On December 12, 2016, the Texas Department of Family and Protective Services ("the Department") filed its original petition for protection of a child, for conservatorship, and for termination of parental rights.  The only child named in the petition was A.J.M., who was born on June 9, 2016.  The petition alleged that A.M. was A.J.M.'s alleged father and sought to terminate

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents and children are referred to by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

A.M.'s parental rights on multiple grounds, relying on both sections 161.002 and 161.001 of the Texas Family Code.

On October 5, 2017, the case proceeded to a bench trial. According to the termination order, A.M. appeared via teleconference and was represented by appointed counsel. The only witness to testify at trial was Department caseworker Ammie Martinez. According to Martinez's testimony, the Department became involved in this matter because it received allegations of physical neglect and neglectful supervision against A.J.M.'s mother, V.L. Martinez testified V.L. was not caring for A.J.M. or her siblings, who were the subject of a separate suit. Martinez further testified A.M. was incarcerated in state prison, serving a twenty-eight year sentence for human trafficking and drug offenses, for the pendency of this case.

The Department created a family service plan and communicated the plan to A.J.M.'s parents. Neither parent successfully completed the service plan. To Martinez's knowledge, A.M. had not engaged in any form of services while in prison. Nor had A.M. seen A.J.M. or had any form of contact with the child during the case. Martinez offered her opinion that termination of both parents' parental rights was in A.J.M.'s best interests because neither parent had taken the opportunity to participate in services or met the goals outlined in the service plan. Prior to trial, V.L. signed a document voluntarily relinquishing her parental rights, and the document was filed in the trial court. With regard to the termination of A.M.'s parental rights, Martinez pointed out A.M. was incarcerated and not able to meet A.J.M.'s needs and A.J.M. would be an adult when A.M. was released from incarceration.

On October 5, 2017, the trial court signed an order terminating both parents' parental rights. A.M.'s parental rights were terminated based on sections 161.002 and 161.001 of the Texas Family Code. According to the termination order, the trial court found by clear and convincing evidence that A.M., after having waived service of process or being served with citation in this suit, did not

respond by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under chapter 160 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.002. Alternatively, the trial court found by clear and convincing evidence that A.M. (1) constructively abandoned A.J.M. and (2) knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for A.J.M. for not less than two years from the date of filing the petition. *See id*. § 161.001(b)(1)(N), (Q). Finally, the trial court found by clear and convincing evidence that termination of A.M.'s parental rights was in A.J.M.'s best interest. *See id*. § 161.001(b)(2). Only A.M. appeals.

## SUFFICIENCY OF THE EVIDENCE

In three issues, A.M. contends the evidence is both legally and factually insufficient to support the trial court's findings in favor of terminating his parental rights to A.J.M. A.M. first contends the evidence is insufficient to support the trial court's finding in Paragraph 7.1 of the termination order relating to the termination of an alleged biological father's parental rights. In the alternative, A.M. contends the evidence is insufficient to support the trial court's findings in Paragraph 7.2 of the termination order that A.M. constructively abandoned A.J.M. and knowingly engaged in criminal conduct that resulted in his conviction and incarceration. A.M. also contends the evidence is insufficient to support the trial court's finding that termination of his parental rights is in A.J.M.'s best interest.

### Burden of Proof and Standard of Review

Under section 161.001 of the Texas Family Code, parental rights may be terminated only upon proof, by clear and convincing evidence, that the parent has committed an act prohibited by section 161.001(b)(1) of the Texas Family Code, and that termination is in the best interest of the child. *See id*. § 161.001. Under section 161.002(b)(1) of the Texas Family Code, "The rights of an alleged father may be terminated if … after being served with citation, he does not respond by

timely filing an admission of paternity or a counterclaim for paternity under Chapter 160." *See id*. § 161.002(b)(1). "However, if the alleged father files an admission of paternity, his rights may only be terminated if the Department proves by clear and convincing evidence one of the grounds for termination in Section 161.001(b)(1) and that termination is in the child['s] best interest." *In the Interest of U.B.*, No. 04–12–00687–CV, 2013 WL 441890, at *1 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (mem. op.). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007.

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C*. *See In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under this standard, "[t]he trial court is the sole judge of the weight and credibility of the evidence, including the testimony of the Department's witnesses." *In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

### Failure to Admit Paternity

In his first issue, A.M. contends the evidence is legally and factually insufficient to support the trial court's finding pursuant to Family Code section 161.002. In his brief, A.M. judicially admits he "is the alleged biological father of A.J.M. He is not a 'legal' father to A.J.M." *See R.H. v. Tex. Dep't of Family & Protective Servs.*, No. 08-12-00364-CV, 2013 WL 1281775, at *6 (Tex. App.—El Paso March 28, 2013, no pet.) (mem. op.) (observing appellant judicially admitted in his brief that he was an alleged father and argued that the evidence was factually and legally insufficient to support the statutory predicate for termination under section 161.002(b)(1)). However, A.M. argues "[t]he evidence adduced at trial was entirely devoid of any evidence suggesting 'after being served with citation, A.M. did not respond by timely filing an admission

of paternity or a counterclaim for paternity under Chapter 160.'" Specifically, A.M. complains that, although Martinez testified a Certificate of Paternity Registry Search was on file with the trial court, no such document is included in the appellate record.

We note A.M. is correct that a Certificate of Paternity Registry Search is not included in the appellate record. However, "[t]here are no formalities that must be observed when filing an admission of paternity or for such an admission to be effective." *See U.B.*, 2013 WL 441890, at *2. In *In re K.E.S.*, the court determined that the father had admitted paternity because he made statements to the Department acknowledging that he was the father and had "completely cooperated when asked to take a paternity test, the results of which were offered by [the Department] and admitted without objection by Father." *In re K.E.S.*, No. 02–11–00420–CV, 2012 WL 4121127, at *3 (Tex. App.—Fort Worth Sept. 20, 2012, pet. denied.) (mem. op.).

In contrast, the court in *In re D.T.* affirmed termination based on section 161.002(b)(1), observing that the father had not written to the trial court claiming paternity and had not appeared at trial to testify. *In re D.T.*, No. 02–13–00331–CV, 2014 WL 261408, at *2 (Tex. App.–Fort Worth Jan. 23, 2014, no pet.) (mem. op.). The court also noted, "[t]here is no indication in the record that [the alleged father] offered to take a paternity test or made any effort outside of a single visit with [the child]." *Id.*

Similarly, in *In re J.L.W.*, the court affirmed termination based on section 161.002(b)(1). *In re J.L.W.*, No. 08–09–00295–CV, 2010 WL 5541187, at *6 (Tex. App.—El Paso Dec. 29, 2010, no pet.) (mem. op.). The court observed, "although [the alleged father] expressed a willingness to undergo genetic testing, and despite both the trial court's order that testing be performed and the Department's attempts to assist [him] in being tested, [he] never submitted to testing." *Id.*

It is undisputed A.M. is not listed on A.J.M.'s birth certificate. Further, the record does not reflect that A.M. filed an admission of paternity or otherwise claimed paternity by writing to

the trial court about being A.J.M.'s father. Although A.M. appeared at trial via teleconference, he did not testify that he was A.J.M.'s father or perform any other act that would have prevented the summary termination of his parental rights under section 161.002. *Cf. In re K.W.*, No. 02–09–00041–CV, 2010 WL 144394, at *3 (Tex. App.—Fort Worth Jan. 14, 2010, no pet.) (mem. op.) (stating that there are no formalities that must be observed for an admission of paternity to be effective). There is no indication in the record that A.M. offered to take a paternity test; rather, the record reflects that A.M.'s name was on the birth certificate of only one of the siblings, and A.M. refused to participate in paternity testing for the other siblings. *Cf. In re K.E.S.*, 2012 WL 4121127, at *3 (stating that father admitted paternity under section 161.002 when, although he did not file a counterclaim of paternity or for voluntary paternity under chapter 160, he responded to the Department's letter acknowledging that he believed the child to be his and cooperated when asked to take a paternity test, which was admitted without objection at trial, allowing the issue to be tried by consent).

Given that A.M. made no representation of paternity in the trial court that he is A.M.'s father, or otherwise admitted paternity, we conclude the trial court had legally and factually sufficient evidence to support the determination made in Paragraph 7.1 of the termination order that under section 161.002(b)(1) that A.M. "did not respond by timely filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under chapter 160." Therefore, we affirm the termination of A.M.'s parental rights as to the child A.J.M. under section 161.002 without reaching his section 161.001 statutory predicate or best interest issues. *See R.H.*, 2013 WL 1281775, at *6-7 (indicating that once the appellate court determined the trial court was authorized to terminate the alleged father's rights pursuant to section 161.002(b)(1), it was irrelevant whether the trial court's findings regarding the section 161.001

statutory predicate findings were appropriate and also holding that section 161.002(b)(1) does not require the Department to prove that termination is in the child's best interest).

## CONCLUSION

The State's motion to show cause on authority to appeal and to show whether the appeal is frivolous is denied. Based on the foregoing reasons, the trial court's order terminating the parental rights of A.M. as to the child A.J.M. is affirmed.

Irene Rios, Justice